IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 APR 22 PM 4:40

ROBERT R. DI TRIO
CLERK, U.S. DI... CT.
W.D. OF TN, MEMPHIS

INTERNATIONAL PAPER COMPANY,
a New York corporation,

    Plaintiff,

vs.                                                                 No. 04-2986-M1 P

GAINEY TRANSPORTATION SERVICES,
INC., a Michigan corporation,,

    Defendant.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), it is hereby ordered that the above-captioned action shall be governed by the following Protective Order:

1. "Confidential Information" as used herein means any information which is designated as "Confidential" by the producing party, or by a non-party producing information in response to a subpoena issued in this case. A party may also designate as "Confidential" information produced by a non-party. The designation of information or a document as "Confidential" constitutes an affirmative representation to the Court by the designating party and its attorneys of record that they honestly believe in good faith and upon reasonable inquiry that the information or document is confidential and should be protected under law.

2. For purposes of this Protective Order, a party may designate documents as Confidential by marking all single page documents and the initial page of multi-page documents as "CONFIDENTIAL." In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged or may otherwise designate the documents as

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-25-05



"Confidential" in any manner provided in this Order or otherwise agreed upon by counsel in writing. These documents shall be deemed "Confidential" without the need for each document to be marked "CONFIDENTIAL."

3. Confidential Information shall include all deposition testimony and any exhibits produced at the deposition of a party or non-party which is designated by counsel as "Confidential" on the record. In lieu of designating testimony and exhibits as Confidential on the record, a party may designate the same as Confidential upon review of the transcripts and exhibits in any manner provided in this Order or otherwise agreed upon by counsel in writing.

4. Confidential Information shall be used only for the purpose of this litigation (including appeals) and not for any other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except the Court and the Court's staff, and those individuals who are identified below, and then only to the extent such disclosure is necessary for purposes related to the litigation of this case.

5. Confidential Information shall be disclosed only to, and this Order shall bind:

    a. Counsel of record and the attorneys, clerical, paralegal and secretarial staff of said counsel and to whom it is necessary that the material be disclosed for purposes of this litigation;

    b. A party or employees of said party to the extent that such disclosure is necessary to prepare for deposition or trial;

    c. Independent accountants, physicians or other technical or medical experts who have been employed by a party as an expert or consultant in connection with this litigation and who have executed a document in the form of Attachment A attached hereto;

    d. All witnesses at trial and deponents during testimony; and

    e. Any other person only upon written stipulation of all parties or by Order of this Court, after notice to all parties.

6. Any information designated as "Confidential" shall not be made available to any persons other than those identified in Paragraph 5 above.

7. Any Confidential Information, or information derived therefore, or any papers containing or making reference to such material or information, filed with the Court shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, a designation of "Confidential," and a statement substantially in the following form:

> "This envelope contains documents that are subject to a Protective Order entered by this Court in this action governing use of confidential material. This envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of the Court."

8. All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

9. None of the parties or their counsel shall seek sanctions against another party or attorney or seek to have another party or attorney held in contempt of Court for violating the terms of this Stipulated Protective Order by failing to file "Confidential" materials under seal unless the party or attorney to be sanctioned or held in contempt has, after notice and a reasonable opportunity to cure, failed to take action to have the "Confidential" materials placed in the sealed portion of the Court's file.

10. This Order shall not preclude or prejudice the right of any party to object to the admissibility at trial of any exhibits, documents, or evidence produced or provided in accordance with the terms hereof, or otherwise; but in the event a party seeks to introduce, or introduces, at trial, documents, exhibits, or other evidence, which are subject to the terms of this Order, such documents, exhibits or evidence shall remain subject to the terms of this Order, and all persons associated with the trial, including, without limitation, witnesses, jurors, and Court staff, shall be

bound by the terms of this Order and shall comply therewith, and all such documents, exhibits and evidence shall be kept by this Court under seal, as aforesaid.

11. This Order shall not preclude or prejudice the right of any party to object to the designation of any documents as "Confidential," but in the event of any objection, such documents shall be deemed Confidential and subject to this Stipulated Protective Order until otherwise determined by the Court. In the event that a party challenges the designation of a document as Confidential, the party designating the document as Confidential shall have the burden of proving that the document is entitled to protection pursuant to Fed. R. Civ. P. 26(c).

12. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals, and any related proceedings, including any mediation or arbitration. At the conclusion of this action, all documents containing Confidential Information (including all copies) shall be returned to the party that produced them, or, if the parties agree, the documents (including all copies) shall be destroyed.

IT IS SO ORDERED.

UNITED STATES ~~DISTRICT~~ Magistrate JUDGE

DATE: 4/22/05

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

INTERNATIONAL PAPER COMPANY,
a New York corporation,

    Plaintiff,

vs.                                                                                  No. 04-2986-M1 P

GAINEY TRANSPORTATION SERVICES,
INC., a Michigan corporation,,

    Defendant.

## DECLARATION OF
## REGARDING PROTECTIVE ORDER

I, _____, declare and say that: I live at _____. I am employed as (occupation)_____ by (name and address of employer)_____
_____.

I have read the Protective Order entered in the above-captioned action pending in the United States District Court for the Western District of Tennessee, Western Division, Civil Action No. 04-2986-M1 P, a copy of the Protective Order has been given to me.

I agree that any material or information designated as "CONFIDENTIAL" within the meaning of the Protective Order will be used by me only to assist counsel in connection with litigation of this matter.

I agree not to disclose or discuss such confidential material or information with anyone other than the persons described in Paragraph 4 of the Protective Order.

1

I understand any disclosure or use of confidential material or information in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt of the Court's Order, and I consent to the personal jurisdiction of this Court for the limited purpose of compliance with this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this _____ day of _____, 200____, at
_____.


_____
Signature



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:04-CV-02986 was distributed by fax, mail, or direct printing on April 25, 2005 to the parties listed.

---

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Douglas A. Black
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable Jon McCalla
US DISTRICT COURT