IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) No. <u>04-2986 Ml/P</u> <br> GAINEY TRANSPORTATION ) <br> SERVICES, INC., ) <br> ) <br> Defendant. ) | |

ORDER FOLLOWING HEARING
GRANTING IN PART DEFENDANT'S SECOND MOTION TO COMPEL

Before the court is defendant Gainey Transportation Services, Inc.'s ("Gainey") Second Motion to Compel, filed August 16, 2005 (dkt #27). Plaintiff International Paper Company ("IP") filed its response in opposition on September 2, 2005. At the request of both parties, the court held a hearing on Gainey's motion on September 22, 2005. Counsel for all parties were present and heard. At the conclusion of the hearing, the court GRANTED in part and DENIED in part Gainey's motion to compel as follows:

1. Regarding document request numbers 3 and 6, the court had previously ordered IP to produce information identifying the motor carriers that hauled loads on the Gainey lanes for the period of October 1, 2003 through September 30, 2005, as this information is relevant to the issue of damages. IP shall produce spreadsheets that include the information previously provided as well as the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on <u>9-26-05</u>

identity of the motor carrier hauling each load, the Gainey rate, and the amount Gainey would have been paid by IP for each shipment (i.e. the Gainey rate multiplied by the mileage).

2.   Regarding document request numbers 7 and 8, counsel for IP stated at the hearing that according to an IP representative, no responsive documents exist.  IP shall provide Gainey with an affidavit stating such.

3.   Regarding document request numbers 9 and 10, the court finds that information that relates to Gainey's and IP's course of dealing during the October 2001 through September 2003 contract period is relevant to the issue of contract interpretation for the parties' October 2003 renewed contract.[1]  IP has previously produced information, in the form of a spreadsheet, purportedly showing that during the October 2003 contract period, Gainey routinely failed to meet it minimum shipping commitments and, thus, was in breach of the contract. (See Ex. F attached to Gainey's Motion, IP 00135-00174).  Gainey contends that its conduct during the October 2003 contract was entirely consistent with its conduct during the October 2001 through September 2003 contract period, and

---

[1] The issue of whether the terms of the parties' contract are ambiguous and whether evidence of the parties' prior course of dealing and intent will be admissible is not before the court. See Citadel Investments, Inc. v. White Fox, Inc., 2005 Tenn. App. LEXIS 292 (Ct. App. Tenn. May 17, 2005).  For purposes of discovery, the information need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

-2-

yet IP had not previously asserted that Gainey was in breach of the contract. The court agrees that information showing Gainey's performance under the 2001-2003 contract is relevant and discoverable. IP shall supplement the above-mentioned spreadsheet to include the time period of October 1, 2001 through September 30, 2003. IP stated at the hearing that it no longer has information regarding Gainey's commitments during this earlier time period. If so, IP shall provide Gainey with an affidavit stating such.

4. Regarding document request number 12, the court concludes that the requested Gainey "tender performance" documents for the time period of October 1, 2001 through September 30, 2003 are relevant and discoverable, for the same reasons stated in paragraph 3 above.

5. Regarding document request number 11, at the hearing the parties agreed that IP has already provided the requested information. However, Gainey argues that the court should require IP to produce this information in a spreadsheet format so that Gainey can have easier access to the information. The court finds that to the extent information about other carriers may be marginally relevant to the issue of contract interpretation, requiring IP to resubmit the same information in a spreadsheet format would impose a burden on IP that outweighs the likely benefit to Gainey. Therefore, Gainey's motion with respect to this request is denied.

6. Regarding document request number 4 from Gainey's second set of requests for documents, which asks for all motor carrier scorecards for carriers on the "Gainey lanes" with which IP had a transportation contract between October 1, 2003 through September 30, 2005, the court, having reviewed the exhibits submitted at the hearing and arguments of counsel, concludes that these motor carrier scorecards (for this two-year time period) are relevant to the issue of Gainey's performance under the October 2003 contract. Although IP argues that the information contained in these scorecards are "inherently unreliable," Gainey should be given a fair opportunity to review these scorecards and to test the reliability of the information contained therein. IP shall produce these scorecards for those motor carriers that contractually shared the same transportation lanes as Gainey during the October 1, 2003 through September 30, 2005 contract period.

7. Regarding document request numbers 17 and 18, which asks for all documents extending any motor carrier contracts between IP and any motor carriers related to the October 2003 contract year, the court finds that the information sought is too speculative and remote to the issues in this litigation, and thus need not be produced. Although the October 9, 2003 extension letter between Gainey and IP is certainly relevant (a copy of which was provided to the court at the hearing), extension letters for other motor carriers are not.

8. Regarding document request number 20, for spreadsheets and other documents derived from electronic databases, both parties are ordered to produce electronic copies of these documents.

9. Regarding interrogatory number 23, IP shall supplement its response to this interrogatory.

Finally, to the extent Gainey's motion to compel is granted, IP shall provide Gainey with the discovery materials within twenty (20) days from the date of this order.

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 26, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02986 was distributed by fax, mail, or direct printing on September 27, 2005 to the parties listed.

---

Douglas A. Black
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT