IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ _M_W_ _____ D.C.

05 OCT 24 PM 2: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY, a New York corporation, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-2986 Ml/P |
| vs. | ) | |
| | ) | |
| GAINEY TRANSPORTATION SERVICES, INC., a Michigan corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND STAR TRANSPORT'S MOTION TO QUASH SUBPOENA

---

Before the court is Plaintiff International Paper Company's ("International Paper") Motion for Protective Order, filed on September 30, 2005 (dkt #39), and non-party Star Transport, Inc.'s ("Star Transport") Motion to Quash Subpoena, filed on October 14, 2005 (dkt #46). Defendant Gainey Transportation Services, Inc. ("Gainey") filed its response in opposition on October 11, 2005. For the reasons below, the motions are DENIED.[1]

### I.   BACKGROUND

On October 26, 2004, International Paper filed a complaint

---

[1]Both parties and Star Transport have requested oral argument. The court concludes that oral argument is not necessary to resolve these motions.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-24-05



against Gainey in the Chancery Court of Tennessee, alleging that Gainey breached a contract with International Paper by failing to transport its minimum number of commitments on a weekly basis at the agreed upon rate under the contract.[2]   In response, Gainey argues, *inter alia*, that International Paper should have mitigated its alleged damages by using lower cost carriers to transport the loads at issue.   On May 17, 2005, Gainey filed a motion to compel discovery against International Paper, seeking motor carrier commitments and rate schedules existing between International Paper and other carriers during the relevant contract period.   On June 21, 2005, after a hearing on the motion, this court entered an order granting Gainey's motion, but allowed International Paper to redact portions of the requested documents that do not relate to the Gainey transport lanes:

> On or before July 15, 2005, IP shall respond to document request numbers 10 and 11 by producing copies of all contracts, rate schedules, and motor carrier commitments for other trucking companies that IP used or by agreement may have used to provide transportation services for the Gainey transport lanes at issue in this lawsuit, for the period from October 1, 2003 to the present.   The court finds that this information is relevant to the litigation, including issues of mitigation of damages and expert reports, as well as the pattern of practice of IP during this specific time period.   The court further finds that Gainey's need for this information outweighs the potential harm to IP of disclosure.   These documents shall be produced subject to the Stipulated Protective Order.   IP may, prior to production, redact those portions of these documents that

---

[2]Gainey removed this case to federal court on December 3, 2004.

do not relate to the Gainey transport lanes at issue in this litigation.

(Order Granting in Part Mot. to Compel, June 21, 2005).

International Paper subsequently produced the requested documents, but informed Gainey that different, earlier versions of the commitments and rate schedules between International Paper and its carriers may have existed, but were not preserved by International Paper. Gainey responded by issuing subpoenas to 31 carriers that International Paper has used to ship its products. Gainey requested the following from each carrier:

> All Motor Carrier Commitment Schedules and Motor Carrier Rate Schedules between you and International Paper in effect anytime from October 1, 2003 through the present. This request is limited to commitments and rate schedules for the same lanes identified on Gainey Transportation Service's Motor Carrier Commitments with International Paper, which are attached hereto, and the rates for those lanes.

(Exhibit A to Subpoena).

In the present motions, International Paper and Star Transport ask the court to quash the subpoenas issued by Gainey and order Gainey not to issue any additional subpoenas to third parties who are under contract with International Paper. International Paper and Star Transport argue that the subpoenas are cumulative of documents International Paper produced pursuant to the court's June 21 order, subject the non-party carriers to annoyance, oppression and undue burden, and are overly broad on their face.

-3-

## II.   ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The rule provides further that the scope of discovery is broader than evidence that will be admissible at trial. Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also United Oil Co. v. Parts Associates, Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.").

If the discovery sought appears relevant on its face, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. United Oil, 227 F.R.D. at 411; MJS Janitorial v. Kimco Corp., No. 03-2102 Ma/V, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004) (unpublished). The court need not compel discovery of relevant material if it concludes that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(i), (iii).

Discovery from non-parties to a lawsuit is permissible. "The administration of justice would not be aided . . . by a rule relieving all persons from giving particular evidence on the sole

-4-

ground that they are not parties to the suit." <u>Truswal Sys. Corp.</u> <u>v. Hydro-Air Eng'g, Inc.</u>, 813 F.2d 1207, 1210 (Fed. Cir. 1987); <u>see</u> <u>also</u> <u>Allen v. Howmedica Leibinger</u>, 190 F.R.D. 518, 521 (W.D. Tenn. 1999). Furthermore, the use of subpoenas to acquire information from non-parties is specifically permitted by Rule 45, which requires "any person" to respond to a subpoena served upon them. Fed. R. Civ. P. 45(e). Nevertheless, the non-party status of the subpoena recipient is one factor that the court may consider in its evaluation of the burdens that discovery may exact. <u>See</u> <u>Allen</u>, 190 F.R.D. at 521.

The court finds that the information requested by Gainey in its subpoenas is relevant. The court previously conducted a lengthy hearing on this matter, and in its June 21 order granting Gainey's motion to compel, concluded that rate schedules and motor carrier commitments detailing the rates charged by competing motor carriers for the same Gainey transport lanes at issue in this case are "relevant to the . . . issues of mitigation of damages and expert reports, as well as the pattern of practice of [International Paper] during this specific time period." (Order Granting in Part Mot. to Compel, June 21, 2005). The information sought in the subpoenas is the same information that was at issue in the June 21 order. Thus, Gainey seeks relevant information in the subpoenas, as these documents may provide a more accurate and complete picture of the rates charged by competing carriers during

the relevant contract period.

The court further concludes that International Paper and Star Transport have not met their burden of demonstrating that the discovery requests are cumulative or overly burdensome on International Paper or the non-party carriers. The subpoenas are not cumulative because International Paper is unable to provide Gainey with prior versions of the commitments and rates that may have existed and may still be in the possession of these non-party motor carriers. Regarding International Paper and Star Transport's contention that the subpoenas are overly burdensome, oppressive, and are interfering with the motor carriers' business relations with International Paper, other than making only broad conclusory statements, they have not rebutted the presumption that the relevant information sought by Gainey is discoverable.

As another basis for its motion, International Paper argues that the "subpoenas on their face appear overly broad," as the subpoenas request "'all' schedules between each of the carrie[r]s and International Paper." (Pla's. Mem. in Support at 5). The court disagrees. Gainey limits its subpoena requests in two ways. First, the scope is limited to the time period for the contract at issue – from October 1, 2003 to the present. (Exhibit A to Subpoena). Second, Gainey limits its request to commitments and rate schedules for the Gainey transport lanes, consistent with this court's June 21 order.

-6-

Finally, the court and the parties have previously acknowledged the commercially sensitive nature of these documents, and in doing so, the court has required that such documents be produced subject to the Stipulated Protective Order. The same requirement shall be imposed on the documents produced pursuant to Gainey's subpoenas. Moreover, because of the sensitive nature of these documents, and because these motor carriers will not likely have a sufficient understanding of this litigation so as to properly redact irrelevant information, the court will allow International Paper to review all subpoenaed documents and redact portions that do not relate to the Gainey transport lanes at issue. This, too, is consistent with the June 21 order.

### III. CONCLUSION

For the reasons above, International Paper's Motion for Protective Order and Star Transport's Motion to Quash Subpoena are DENIED. Upon its receipt of documents responsive to the subpoenas, Gainey shall not review these documents, but instead shall forward the documents to International Paper's counsel within five days of receipt. International Paper shall then have 21 days to review the documents, redact irrelevant information, and provide Gainey with the redacted copies subject to the Stipulated Protective Order. The original, unredacted documents shall remain in the possession of International Paper's counsel.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

October 24, 2005
Date

-8-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in
case 2:04-CV-02986 was distributed by fax, mail, or direct printing on
October 24, 2005 to the parties listed.

---

Aaron M. Phelps
VARNUM RIDDERING SCHMIDT & HOWLETT, LLP
P.O. Box 352
Grand Rapids, MI 49501--035

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Thomas W. Lewis
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Curt Reid Soefker
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Douglas A. Black
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Stephen A. Hester
ARMSTRONG ALLEN, PLLC- Memphis
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Jon McCalla
US DISTRICT COURT